

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-16-00076-CR

_____

IN RE LOUANNE LARSON

_____

Original Mandamus Proceeding

_____

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Louanne Larson has petitioned this Court for mandamus relief. Larson complains that the district clerk either did not send the complete record or sent the wrong record to this Court when Larson appealed the trial court's most recent denial of DNA testing. *See Larson v. State*, 06-15-00178-CR, 2016 WL 1268003 (Tex. App.—Texarkana Apr. 1, 2016, pet. ref'd). Specifically, Larson claims that an affidavit was not included in the appellate record provided to this Court for that appeal. Larson would have this Court compel the Marion County District Clerk to send this Court documents—a motion for DNA testing, an affidavit, and some exhibits—that were filed in the trial court in Larson's request for DNA testing.

Our jurisdiction to issue writs of mandamus is constrained by statute. We may issue a writ of mandamus only against a "judge of a district or county court in the court of appeals district" or when "necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221 (West 2004). We could grant Larson's request only if mandamus were necessary to enforce this Court's jurisdiction. From the context of her petition, we infer that Larson is complaining about our recent opinion on her appeal from the trial court's denial of her request for DNA testing. This Court acquired jurisdiction over that appeal and issued an opinion. Thus, there is no question of enforcing our jurisdiction.

Larson has not explained how mandamus is necessary to enforce this Court's jurisdiction.[1] The respondent, the Marion County District Clerk, is not a judge of a district court or county court

---

[1]For example, in *Click v. Tyra*, 867 S.W.2d 406 (Tex. App.—Houston [14th Dist.] 1993, no pet.), the appellants posted a cash deposit in lieu of an appeal bond to perfect their appeal; the district clerk refused to provide an appellate record

in the Sixth Appellate District of the State of Texas and hence is not subject to our mandamus jurisdiction under Section 22.221(b)(1) of the Texas Government Code. Mandamus not being "necessary to enforce the jurisdiction of" this Court, we have no authority to grant the relief sought. *See* TEX. GOV'T CODE ANN. § 22.221(a).

We deny Larson's petition.

Josh R. Morriss, III
Chief Justice

Date Submitted:     May 3, 2016
Date Decided:       May 4, 2016

Do Not Publish

---

until appellants paid the record fee in cash. The reviewing court held that the clerk could not require this additional payment, a cash deposit having been posted. The appellate court entertained and granted the request for mandamus relief "[t]o protect [their] appellate jurisdiction and to insure the integrity of the appellate process." *Id.* at 407.