Loyce L. CLICK, Sarah Click Troup, Joyce Click Holton, George Wayne Click, and The Estate of George Click, Deceased, Relators,

v.

Katherine TYRA, District Clerk, Harris County, Texas, Respondent.

No. B14–93–00884–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 9, 1993.

Rehearing Denied Jan. 27, 1994.*

---

* Sears, Justice and Murphy, Justice would grant Respondent's Motion for Rehearing for the limited purpose of determining whether the Court's mandate is too broad and restrictive.

Richard N. Countiss, Houston, for relators.

Thomas W. Taylor, David L. Tolin, Beaumont, for respondent.

Lynne Liberato, Jeff Nobles, Houston, for amicus curiae Haynes & Boone.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION ON MOTION FOR REHEARING

SEARS, Justice.

The Motion for Rehearing is Overruled, the original opinion is withdrawn, and this opinion is issued on rehearing.

In this original proceeding, Relators seek a Writ of Mandamus compelling Katherine Tyra, the District Clerk of Harris County, to prepare and file the transcript in the appeal of their case, now pending before this court. To protect our appellate jurisdiction and to insure the integrity of the appellate process, we granted leave to file. We now hold that Relators have a clear right to relief, and we grant the writ of mandamus.

This proceeding arose in Cause No. 90–04994, styled *Loyce Click, et al. v. Fibreboard Corp., et al.*, an asbestos case that was tried before a jury in the 281st District Court. At trial, the court granted Defendants' Motion for Instructed Verdict and rendered judgment for the defendants. Relators, plaintiffs in the case, timely perfected their appeal by filing a cash deposit of one thousand dollars, in lieu of an appeal bond, pursuant to TEX.R.APP.P. 46(b). They also filed a designation of transcript with the District Clerk's office. A few days later, Relators' attorney was informed by the District Clerk that the cost of preparing the transcript was $150.00, and that Relators would have to pay this fee before the District Clerk would prepare the transcript. Relators' attorney protested that the cash deposit covered such fees. The District Clerk still refused to prepare the transcript without advance payment of her costs, citing TEX.

GOV'T CODE ANN. § 51.318 (Vernon 1988) and (Vernon Supp.1993). Relators filed the Writ of Mandamus to compel the District Clerk to prepare the transcript.

Respondent relies on § 51.318 for her authority to require a cash payment before filing the transcript in the Court of Appeals. Section 51.318 allows the district clerk to collect fees at the time she is requested to *copy* a "record, judgment, order, pleading, or paper on file or of record in the district clerk's office." However, § 51.318 provides for the fees to be paid in cash, *or* the district clerk "may accept a bond as security for the fee imposed under this section." TEX.GOV'T CODE ANN. § 51.318(d) (Vernon 1988). Apparently, Respondent believes she can still demand a cash payment, after a bond has been filed as security. We hold that once the bond, or cash deposit in lieu thereof, is filed, the clerk cannot require more.

Under the Texas Rules of Appellate Procedure, an appeal is perfected when the appeal bond or cash deposit is filed, TEX.R.APP.P. 40(a), and filing a cost bond is a necessary and jurisdictional step in perfecting an appeal. *Fleming v. State*, 704 S.W.2d 530, 531 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Thus, in an appeal, the district clerk must accept an appeal bond for perfection of an appeal, since she has no power to do otherwise. Once she does so, she has also accepted that bond as security for the fee imposed under § 51.318, and thereafter has a duty to deliver the transcript. *Pat Walker & Co. v. Johnson*, 623 S.W.2d 306, 309 (Tex.1981). This duty is clearly stated in TEX.R.APP.P. 51(c): "*Upon perfection of the appeal*, the clerk of the trial court *shall* prepare under his [her] hand and seal of the court and immediately transmit the transcript to the appellate court designated by the appellant" (emphasis added).

Under the well established rule of statutory construction known as *in pari materia*, § 51.318 should be construed in harmony with the Texas Rules of Appellate Procedure, since the Rules and statute pertain to the same subject, have the same general purpose, and relate to the same conduct. *Cullen v. State*, 832 S.W.2d 788, 791

(Tex.App.—Austin 1992, pet. ref'd); *Lenhard v. Butler,* 745 S.W.2d 101, 105 (Tex.App.—Fort Worth 1988, no writ). The Texas Rules of Appellate Procedure *require* the district clerk to copy and transmit, among other things, "any filed paper any party may designate as material." TEX.R.APP.P. 51(a).

■ It is clear from a review of the history of the rules governing the perfection of appeals, that the purpose of an appeal bond, or cash deposit in lieu of a bond, is to provide security to the district clerk and insure that she will recover the costs of preparing the transcript. Prior to the adoption of the Texas Rules of Appellate Procedure in 1986, perfection of an appeal in a civil case was governed by TEX.R.CIV.P. 354 (Vernon 1985) (repealed 1986). Until 1962, Rule 354 provided that the bond filed by the appellant covered the costs "of the court below." In 1962 the rule was amended to provide that the bond would specifically cover "the cost of the statement of facts and transcript." The wording of Rule 354, as it appeared in 1984, was incorporated almost verbatim into TEX. R.APP.P. 46 (Vernon Supp.1993), which now reads in pertinent part: "The bond on appeal shall have sufficient surety and shall be conditioned that appellant . . . shall pay . . . the cost of the statement of facts and transcript." Rule 46(a). Therefore, the purpose of an appeal bond is to insure that the district clerk's costs of preparing the transcript are paid. *Tapiador v. North Am. Lloyds of Texas,* 772 S.W.2d 954, 955 (Tex.App.—Houston [1st Dist.] 1989, writ denied).

Respondent apparently believes that she should be able to "collect on delivery" in the same manner as the court reporter upon completion of the statement of facts. However, the Texas Rules of Appellate Procedure specifically provide for "payment on delivery" to court reporters. Rule 46(e), entitled "Payment of Court Reporters," provides:

> Even if a bond is filed or deposit in lieu of bond is made, appellant shall either pay or make arrangements to pay the court reporter upon completion and delivery of the statement of facts. . . .

TEX.R.APP.P. 46(e). If the Supreme Court had intended for the District Clerk to also collect cash after a cost bond is filed, it would have made a special provision in the Rules for clerks, as it did for court reporters. The Rules of Appellate Procedure clearly do not provide for immediate payment to the District Clerk. They do provide that the appeal bond satisfies any payment requirement of the District Clerk; that the District Clerk cannot demand a bond *and* cash; that once a bond, or cash in lieu thereof, is filed the District Clerk *shall* prepare and deliver the transcript; and, that the District Clerk cannot interfere with the jurisdiction of the Court of Appeals. The District Clerk has *no authority* to refuse to accept the bond, or to require cash payment in addition to the bond. Once an appellate court accepts a cost bond on appeal, the District Clerk *must* comply with the Rules of Appellate Procedure.

■ In response to the application for Writ of Mandamus, Respondent argued that Relators' petition for a writ of mandamus was moot, since she filed the transcript in Relators' case *after* the petition was filed. Respondent does not argue mootness in her Motion for Rehearing. However, because of the motion, it is clear that we cannot consider the matter moot. We received several Amicus Curiae briefs advising the court that this is a recurring problem. Further, Respondent also filed two response briefs, following her initial reply brief, and they all reflect Respondent's continuing belief that she is acting with clear legal authority. We find we must speak to the problem rather than treat it as moot.

■ The Texas Supreme Court has recognized two exceptions to the mootness doctrine: (1) the capable of repetition yet evading review exception; and (2) the collateral consequences exception. *General Land Office of the State of Texas v. Oxy U.S.A., Inc.,* 789 S.W.2d 569, 571 (Tex.1990). The "capable of repetition yet evading review" exception applies where the act challenged is of such short duration that the appellant cannot obtain review before the issue becomes moot. *Id.* (quoting *Spring Branch I.S.D. v. Reynolds,* 764 S.W.2d 16, 18 (Tex.App.—Houston [1st Dist.] 1988, no writ). In addition, there must be a reasonable expectation that the same complaining party would be subjected to the same action again. *Ex parte Nelson,*

815 S.W.2d 737, 739 (Tex.Crim.App.1991) (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975)). As Relators and amici have argued, Respondent is able to short-circuit any appellant's attempt to prohibit Respondent from requiring advance payment for transcripts by simply filing the transcript after a petition for a writ of mandamus is filed. This creates a situation where the complained of act is of such short duration that it evades review whenever Respondent's actions are challenged. Also, Respondent's replies to Relators' petition and her Motion for Rehearing show that Respondent will not willingly alter her course of conduct. Thus, Respondent's action clearly falls under the "capable of repetition" exception to the mootness doctrine, and the court has jurisdiction to address this continuing problem.

We hold that Relators have a clear right to relief under their petition for a writ of mandamus. When an appeal bond, or cash deposit in lieu of an appeal bond, has been filed, Respondent has no authority to require advance cash payment of the costs of the appellate transcript. If the amount of the appeal bond or cash deposit is not sufficient to cover the costs of the transcript, Respondent may move for an increase in the amount of the bond, so as to provide her with sufficient security to cover the costs of the transcript. TEX.R.APP.P. 49(a). However, requiring advance payment for the transcript, after the bond has been filed, is not an option available to the District Clerk under the Texas Rules of Appellate Procedure. Further, these Rules are controlling and are mandatory.

In conclusion, we grant Relators' writ of mandamus and order the District Clerk of Harris County to accept appeal bonds, or cash deposits in lieu of an appeal bond, as surety for costs in preparing the appellate transcript, and to cease and desist from requiring advance payment in addition to the bond. We overrule the Motion for Rehearing.