

# NUMBER 13-19-00180-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **THE UNIVERSITY OF TEXAS<br>RIO GRANDE VALLEY,** | **Appellant,** |

**v.**

| | |
|---|---|
| **LEILA HERNANDEZ AND<br>WILLIAM D. MOUNT JR.,** | **Appellees.** |

## On appeal from the 92nd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Tijerina

In this interlocutory appeal, appellant the University of Texas Rio Grande Valley (UTRGV), challenges the trial court's denial of its supplemental plea the jurisdiction in a case brought by appellees Leila Hernandez and William D. Mount, Jr. under the Public Information Act (PIA). By two issues, UTRGV claims the trial court erred in dismissing its

plea because (1) appellees' PIA claim is moot and (2) appellees are not entitled to attorney's fees under the PIA. We reverse and render.

## I. BACKGROUND

On December 13, 2016, Hernandez submitted a public information request (PIR) to UTRGV under the PIA requesting documents related to an investigation that UTRGV was conducting on her.[1] UTRGV informed Hernandez in a letter dated January 5, 2017, that "one or more exceptions to the disclosure under the [PIA] may apply to some in or all of the responsive information," and that UTRGV forwarded the PIR to the Attorney General's Office (AG) for a determination as to whether the information must be released. That same day, UTRGV also wrote the AG asking whether certain records should be produced in response to Hernandez's request.

Before the AG responded to UTRGV's letter, Hernandez filed a writ of mandamus in the trial court, alleging that UTRGV violated the PIA by failing to timely respond to her request.[2] *See* TEX. GOV'T CODE ANN. § 552.301 (providing that within ten days of receipt

---

[1] Pursuant to the PIA, Hernandez requested the following information from January 1, 2011 to the present:
1. A copy of each and every offense or police report concerning Leila Hernandez;
2. A copy of each and every investigative file concerning Leila Hernandez;
3. A copy of each and every complaint or report made against Leila Hernandez;
4. A copy of each and every inventory or record of tangible property seized from Leila Hernandez;
5. A copy of each and every warrant issued concerning Leila Hernandez;
6. A copy of each and every lab report concerning Leila Hernandez;
7. A copy of each and every voice recording concerning Leila Hernandez;
8. A copy of each and every video recording concerning Leila Hernandez;
9. A copy of each and every witness statement concerning Leila Hernandez; and
10. A copy of each and every statement of Leila Hernandez.

[2] UTRGV was closed for the holidays from Thursday, December 22, 2016 through Monday,

2

of a PIR, the governmental body must ask for a decision from the AG about whether the information may be withheld). She also requested attorney's fees stating she has "incurred substantial attorney's fees in the prosecution of this action and [she] has a right to obtain those fees."

On March 15, 2017, the AG ruled that some information needed to be produced, some information could be redacted, and some information should be withheld. UTRGV sent Hernandez the requested documents in accordance with the AG's ruling. [3] Hernandez amended her petition and Mount, her attorney, joined as a party after UTRGV asserted that Hernandez did not qualify as a "requestor" under the PIA. UTRGV subsequently filed a plea to the jurisdiction and a motion for partial summary judgment. UTRGV and appellees filed competing motions for summary judgment, and UTRGV filed a second plea to the jurisdiction and a second motion for summary judgment. The trial court did not rule on these motions.

On October 26, 2018, UTRGV produced more information and filed a supplemental plea to the jurisdiction, seeking to dismiss appellees' case and request for attorney's fees as moot because it had "produced the responsive documents earlier today," and therefore, "there is no live case or controversy before the court." Appellees responded that UTRGV had not produced all the information; namely, UTRGV failed to produce a

---

January 2, 2017.

[3] Appellees asserted the information UTRGV produced was incomplete because there were redactions to that information. However, information is excepted from disclosure "if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision." TEX. GOV'T CODE ANN. § 552.101.

video recording and pictures concerning Hernandez. UTRGV subsequently produced the requested video recording and pictures on January 17, 2019 and re-urged its motion stating the production of information mooted appellees' claim and request for attorney's fees. The trial court held an evidentiary hearing on UTRGV's supplemental plea to the jurisdiction and denied UTRGV's plea. UTRGV filed this interlocutory appeal.

## II.     PUBLIC INFORMATION ACT

UTRGV contends that the trial court erred when it denied its supplemental plea to the jurisdiction because appellees' PIA claim was rendered moot as a result of UTRGV's production of the requested information.

## A.     Standard of Review

A plea to the jurisdiction challenges the trial court's subject matter jurisdiction to hear a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The existence of subject matter jurisdiction is a question of law that we review de novo. *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). When a plea to the jurisdiction "'challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised,' even where those facts may implicate the merits of the cause of action." *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009) (quoting *Tex. Dep't & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004)). If the evidence creates a fact question regarding jurisdiction, the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder; however, if the relevant evidence is undisputed or

4

fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Miranda*, 133 S.W.3d at 228.

**B.    Applicable Law**

**1.    Mootness**

"The mootness doctrine limits courts to deciding cases in which an actual controversy exists." *Hous. Chronicle Publ'g Co. v. Thomas*, 196 S.W.3d 396, 399 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting *F.D.I.C. v. Nueces County*, 886 S.W.2d 766, 767 (Tex. 1994)). "To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995); *Kessling v. Friendswood Indep. School Dist.*, 302 S.W.3d 373, 380 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). "If a controversy ceases to exist—'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'—the case becomes moot." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). If a case becomes moot, the court loses jurisdiction over the claims. *Id.*

**2.    Public Information Act**

Under the PIA, upon a request for public information, a governmental body must promptly produce public information for inspection, duplication, or both. TEX. GOV'T CODE ANN. § 552.221. Public information is any information which, under a law or ordinance or in connection with the transaction of official business, is collected, assembled or maintained by or for a governmental body and the governmental body owns the

information or has a right of access to it. *Id.* § 552.002; *City of Garland v. Dall. Morning News*, 22 S.W.3d 351, 356 (Tex. 2000).

If a governmental body receives a PIR for information that it wishes to withhold from public disclosure and believes is excepted from disclosure under the PIA, within ten days of receipt of the written request, the governmental body must ask for a decision from the AG about whether the information may be withheld. *See* TEX. GOV'T CODE ANN. § 552.301(a). "Unless the information requested is confidential by law, the governmental body may disclose the requested information to the public or to the requestor before the attorney general makes a final determination that the requested information is public or, if suit is filed under this chapter, before a final determination that the requested information is public has been made by the court with jurisdiction over the suit." *Id.* § 552.303(a).

Section 552.321 of the PIA waives sovereign immunity allowing a requestor to file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an AG decision or refuses to supply public information or information that the AG has determined is not excepted from disclosure. *Id.* § 552.321(a). However, "the legislature has not addressed or provided a waiver of sovereign immunity as to a claim that is based on a governmental body's delay or its motives for delaying the release of information that is subject to disclosure under the PIA." *Nehls v. Hartman Newspapers, LP*, 522 S.W.3d 23, 29 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (quoting *Gates v. Tex. Dep't of Family and Protective Servs.*, No. 03-15-00631-CV, 2016 WL 3521888, at *4 (Tex. App.—Austin

6

June 23, 2016, pet. denied) (mem. op.)).

## C.    Analysis

Here, the uncontroverted evidence established that UTRGV released the video recording and photographs that Hernandez requested. After receiving the information, appellees continued to allege the case is not moot because "not all information has been produced." However, appellees did not specify what public information UTRGV is withholding that is responsive to Hernandez's request or provide evidence to support their claim that UTRGV is withholding information. *See Ryland Group v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) ("Conclusory affidavits are not enough to raise fact issues."). Instead, appellees urge us to conclude that because UTRGV produced the video recording and photographs after it claimed there were no more documents to produce, there must be more documents in UTRGV's possession relevant to Hernandez's request. We decline to make such an inference. Stated another way, appellees did not raise a fact question on the issue of whether UTRGV was refusing or unwilling to supply the public information. *See City of El Paso v. Abbott*, 444 S.W.3d 315, 326 (Tex. App.—Austin 2014, pet denied) (holding that even assuming the city had not disclosed all responsive documents, the bottom line for purposes of appellate review of the city's plea to the jurisdiction is that the plaintiff did not offer any evidence to controvert or question the city's conclusive evidence that it searched extensively for the requested documents and turned over the same). Moreover, UTRGV's delay in producing information is not evidence that it has not complied with the PIA. *See Gates,* 2016 WL 3521888, at *4 (providing that the

7

legislature has not waived sovereign immunity based on a governmental body's delay in the release of information subject to disclosure under the PIA). On this basis, we sustain UTRGV's first issue and conclude UTRGV's production of documents mooted appellees' PIA case.[4] *See* TEX. GOV'T CODE ANN. § 552.321(a); *Nehls,* 522 S.W.3d at 30 (holding that "appellants' release of information eliminated the justiciable controversy that formed the basis of [plaintiffs'] claim"); *Abbott*, 444 S.W.3d at 325–26 (reversing the trial court's denial of the city's plea to the jurisdiction because it lacked subject matter jurisdiction over the plaintiff's mandamus claim when the city proved it turned over the responsive documents"); *Tex. State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 704–06 (Tex. App.—Austin 2013, no pet.) (holding a plaintiff's PIA claim is mooted by the governmental entity's production of the requested information); *Gates*, 2016 WL 3521888, at *5 (concluding that a PIA claim is moot by the government official's release of requested information); *Dall. Morning News, Inc. v. City of Arlington*, No. 03-10-00192-CV, 2011 WL 182886, at *3–4 (Tex. App.—Austin Jan. 21, 2011, no pet.) (mem. op.) (holding a PIA controversy moot where the city voluntarily released the requested document).

### III.   ATTORNEY'S FEES

By its second issue, UTRGV claims that the trial court erred in denying its plea to

---

[4] Appellees also assert that a trial is necessary to determine the truthfulness or falsity of UTRGV's statements and that due to UTRGV's "bad faith, failure to produce information, delays in producing information, and false statements," Hernandez has incurred over $20,000 in attorney's fees. However, these claims are not cognizable under the PIA because the waiver of sovereign immunity is limited to mandamus relief for the disclosure of public information. *See* TEX. GOV'T CODE ANN. § 552.321 (allowing for suit for a writ a mandamus for the disclosure of public information), § 311.034 ("A statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.").

8

the jurisdiction because appellees' related claim for attorney's fees was also rendered moot.

In an action brought under the PIA, "the court shall assess costs of litigation and reasonable attorney['s] fees incurred by a plaintiff who substantially prevails." TEX. GOV'T CODE ANN. § 552.323(a). To qualify as a "prevailing party," a plaintiff must obtain (1) judicially sanctioned relief on the merits of its claim that (2) materially alters the legal relationship between the parties such as a damages award, injunctive or declaratory relief, or consent decree or settlement in the party's favor. *Intercont'l Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653–55 (Tex. 2009). Several courts of appeals in Texas have held that a requestor whose PIA claim is rendered moot by the voluntary production of documents by a governmental body during the pendency of suits does not "substantially prevail" under the PIA. *See Nehls*, 522 S.W.3d at 32; *Giggleman*, 408 S.W.3d at 703–06; *City of Dallas v. Dall. Morning News, L.P.*, 281 S.W.3d 708, 718 (Tex. App.—Dallas 2009, no pet.); *see also Gates*, 2016 WL 3521888, at *7–8; *Hudson v. Paxton*, No. 03-13-00368-CV, 2015 WL 739605, at *3–5 (Tex. App.—Austin Feb. 20, 2015, pet. denied) (mem. op.); *Brazee v. City of Spur*, No. 07-12-00405-CV, 2014 WL 2810339, at *3 (Tex. App.—Amarillo June 10, 2014, no pet.) (mem. op.); *Arlington*, 2011 WL 182886, at *3–4.

Because appellees' mandamus claim is moot as a matter of law, their accompanying claim for attorney's fees under § 552.323(a) is likewise rendered moot. *See Giggleman*, 408 S.W.3d at 706 (holding that the pending attorney's fees claims did

9

not preserve live controversy because the failure to obtain affirmative relief precluded an attorney's fees award predicated on the requirement that party "substantially prevail"). Accordingly, there is no "live" issue regarding whether appellees are entitled to attorney's fees under the PIA. *See Nehls*, 522 S.W.3d at 32. We sustain UTRGV's second issue.

## IV. CONCLUSION

Appellees' claims under the PIA are moot. Accordingly, we reverse the trial court's judgment and render judgment dismissing appellees' writ of mandamus in the trial court.

JAIME TIJERINA<br>
Justice

Delivered and filed on the
4th day of February, 2021.