ACCEPTED
15-25-00131-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/1/2025 12:19 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-000131-CV**

Fifteenth Court Of Appeals
Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/1/2025 12:19:59 PM
CHRISTOPHER A. PRINE
Clerk

**Laura McClelland,**

*Appellant*

**v.**

**Michael Morath, Commissioner of Education, and**

**Weatherford Independent School District**

*Appellees*

**REPLY BRIEF OF APPELLANT LAURA McCLELLAND**

ON APPEAL FROM THE 98TH DISTRICT COURT,
TRAVIS COUNTY, TEXAS
TRIAL COURT CAUSE NO. D-1-GN-25-000504

BRIM & BRIM, P.C.
Richard Arnett, Of Counsel
State Bar No. 01333300
5926 Balcones Drive, Suite 220
Austin, Texas 78731
Telephone: (512) 328-0048
Facsimile: (512) 328-4814
Email: rarnett@arnettlaw.net

*Attorney for Laura McClelland*

## Identity of Parties and Counsel

| Appellant: | Appellant's Counsel: |
|---|---|
| Laura McClelland | BRIM & BRIM, P.C.<br>Richard Arnett, Of Counsel<br>State Bar No. 01333300<br>5926 Balcones Drive, Suite 220<br>Austin, Texas 78731<br>Telephone: (512) 328-0048<br>Facsimile: (512) 328-4814<br>Email: rarnett@arnettlaw.net |
| Appellees | Appellees' Counsel: |
| Weatherford Independent<br>   School District | Colby Rideout<br>Leasor Crass, P.C.<br>302 W. Broad Street<br>Mansfield, Texas<br>Telephone: (682) 422-0009<br>Facsimile: (682) 422-0008<br>Email: colby@leasorcrass.com |
| Michael Morath<br>Texas Commissioner of Education | Keegan Howe, Assistant Attorney General<br>Office of the Attorney General<br>P.O. Box 12548, Capitol Station<br>Austin, Texas<br>Telephone: (512) 475-4300<br>Facsimile: (512) 320-0157<br>Email: keegan.howe@oag.texas.gov |

# TABLE OF CONTENTS

Page No.

Identities of Parties and Counsel…………………………………….…….. ii

Table of Contents……………………………………………………….… iii

Index of Authorities……………………………………………….. iv

Introduction………...……………………………………….………1

Section 22.003(b) …………………. ….…………………………….. 1

Mootness…………… …………………………………………… 1

Prayer for Relief…………………………………………….... 3

Certificate of Service ……………………………………….. 4

Certificate of Compliance …………………………………….. 4

# INDEX OF AUTHORITIES

**Cases**                                                                                  **Page**

Click v. Tyra, 867 S.W.2d 406
   (Ct. App. Tex. 14th Dist. 1993, no writ) …………………………... 3

*Hudspeth v. Chapel Hill I.S.D*., No. 03-06-00243-CV,
  2007 WL 1647818, at \*2 (Tex. App.—Austin June 8, 2007, no pet.) … 2

*Myrtle Springs Re.d Indep. Sch. Dist. v. Hogan,* 705 S.W.2d 707, 709
  (Tex.App.-Texarkana 1985, writ ref'd n.r.e.).   ………………………... 2

Nehls v. Hartman Newspapers, LP, 522 S.W.3d 23, 33
  (Tex. App.—Houston [1st Dist.] 2017, pet. denied) ………………… 3

*Perry v. Houston Indep. Sch. Dist.,* 902 S.W.2d 544, 547
  (Tex.App.-Houston [1st Dist.] 1995, writ. dism'd w.o.j.) ……………. 2

## Constitutional Provisions, Statutes & Regulations

Texas Education Code, Section 7.057 (a)(2)(A) …………………………. 1

Texas Education Code, Section 22.003 ……………………………….. passim

Texas Civil Practices and Remedies Code, Section 37.004……..……..… 2

## INTRODUCTION

Appellees largely ignore the controlling authorities relied upon by Ms. McClelland and offer little that necessitates a reply. However, there are some points that warrant a brief response.

## SECTION 22.003(b)

Appellees still fail to address the actual words of the statute, continuing to attempt to wish away the word "other." The Commissioner dwells on the use of the term "personal leave" in Section 22.003(a), Brief at p. 25, but then asks the Court to substitute "personal" for "other" in Subsection (b), which is contrary to every known rule of statutory construction. Similarly, he argues that "all" only encompasses that which follows but then substitutes "personal" for "other" in order to administratively amend the law and reach the result desired.

## MOOTNESS

Appellees provide no explanation for why Ms. McClelland's challenge to the legality of WISD's policies does not remain a live controversy within the controlling authorities. *E.g.* Brief of Commissioner, p. 9-10. Section 7.057(a)(2)(A) of the Texas Education Code provides jurisdiction to the Commissioner over appeals of "actions or decisions of any school district board of trustees that violate: (A) the school laws of this state ...."  The Board of Trustees decision to uphold and apply its Board

1

Policy DEC violated Section 22.003(b) and the controversy remains alive as long as Ms. McClelland's contractual relationship with WISD is governed by this illegal provision.

> The operational policies adopted by a school board before making an employment contract with a teacher form part of the contract and the teacher's employment is subject to those policies. *Perry v. Houston Indep. Sch. Dist.,* 902 S.W.2d 544, 547 (Tex. App.-Houston [1st Dist.] 1995, writ. dism'd w.o.j.); *Myrtle Springs Reverted Indep. Sch. Dist. v. Hogan,* 705 S.W.2d 707, 709 (Tex.App.-Texarkana 1985, writ ref'd n.r.e.).

*Hudspeth v. Chapel Hill I.S.D.*, No. 03-06-00243-CV, 2007 WL 1647818, at *2 (Tex. App.—Austin June 8, 2007, no pet.).

In what appears a transparent attempt to mislead, Appellees continue to mischaracterize Ms. McClelland's argument regarding the Declaratory Judgment Act. Obviously, the Commissioner of Education does not have jurisdiction over lawsuits filed under the UDJA. The point is that Ms. McClelland's challenge to the legality of WISD's contractual policies cannot be considered moot in order to deprive the Commissioner and courts of jurisdiction for want of a case or controversy when such challenges are not so considered when brought as a "question of construction or validity" by any other litigant under the UDJA, even before a breach. Section 37.004, Texas Civil Practices and Remedies Code.

Additionally, the case the Commissioner relies upon for refutation of *Click v. Tyra*, 867 S.W.2d 406 (Ct. App. Tex. 14th Dist. 1993, no writ) actually refutes *his* position. The case before this Court involves a written, official policy of WISD that forms a part of its contractual relationship with Ms. McClelland and violates state law. The Court in *Nehls v. Hartman Newspapers, LP*, 522 S.W.3d 23, 33 (Tex. App.—Houston [1st Dist.] 2017, pet. denied), did not question that such cases are governed by the rule in *Click*, stating:

> Unlike the relators in *Click*, Hartman has offered no evidence or support for the notion that appellants have a policy or practice of routinely withholding discoverable public information such that it is a "recurring problem."

## **PRAYER FOR RELIEF**

Appellant prays that the decision of the Commissioner be reversed, and the Court invalidate school district policies requiring exhaustion of Temporary Disability Leave and Family and Medical Leave Act leave while employees are on assault leave.

Respectfully submitted,

*s/ Richard Arnett*
Richard L. Arnett
Texas Bar No. 01333300
rarnett@arnettlaw.net
Telephone: (720) 366-7774
Of Counsel to Brim & Brim, P.C.
5926 Balcones Drive, Suite 220
Austin, Texas 78731
Telephone: (512) 328-0048

## CERTIFICATE OF SERVICE

I certify that on November 26, 2025, a true and correct copy of the foregoing document was served upon Mr. Colby Rideout attorney for the Weatherford Independent School District, by email at colby@leasorcrass.com, and Mr. Keegan Howe, Assistant Attorney General, by email at keegan.howe@oag.texas.gov.

/s/ *Richard Arnett*
Richard L. Arnett

## CERTIFICATE OF COMPLIANCE

I certify that the brief submitted complies with Rule 9.4 of the Texas Rules of Appellate Procedure because it has been prepared in a conventional typeface no smaller than 14-point for text, except for footnotes, which are no smaller than 12-point, and the word count of this document is 575. The word processing software used to prepare this brief and calculate the word count of the document is Microsoft Word.

Dated: November 26, 2025          /s/ *Richard L. Arnett*

Richard L. Arnett

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Melody Montemayor on behalf of Richard Arnett
Bar No. 1333300
admin@teacher.legal
Envelope ID: 108557301
Filing Code Description: Other Brief
Filing Description: Appellant's Reply Brief
Status as of 12/1/2025 12:48 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeff Lutz | | jeff.lutz@oag.texas.gov | 12/1/2025 12:19:59 PM | SENT |
| Melody Montemayor | | melody@teacher.legal | 12/1/2025 12:19:59 PM | SENT |
| Jefferson K.Brim, III | | jay@teacher.legal | 12/1/2025 12:19:59 PM | SENT |
| Richard Arnett | | rarnett@arnettlaw.net | 12/1/2025 12:19:59 PM | SENT |
| Colby Rideout | | colby@leasorcrass.com | 12/1/2025 12:19:59 PM | SENT |
| Mike Leasor | | mike@leasorcrass.com | 12/1/2025 12:19:59 PM | SENT |
| Laura McClelland | | macsnojo@gmail.com | 12/1/2025 12:19:59 PM | SENT |
| Keegan Howe | | keegan.howe@oag.texas.gov | 12/1/2025 12:19:59 PM | SENT |
| Mike Morath | | mike.morath@tea.texas.gov | 12/1/2025 12:19:59 PM | SENT |
| Victoria Russell | | victoria@leasorcrass.com | 12/1/2025 12:19:59 PM | SENT |