ACCEPTED
15-25-00131-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/5/2025 12:54 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00131-CV

**FIFTEENTH COURT OF APPEALS**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/5/2025 12:54:34 PM
CHRISTOPHER A. PRINE
Clerk

**LAURA MCCLELLAND,**
*Appellant,*

v.

**MIKE MORATH, COMMISSIONER OF EDUCATION, AND WEATHERFORD INDEPENDENT SCHOOL DISTRICT,**
*Appellees.*

**On Appeal from the 98th Judicial District Court of Travis County, Texas, No. D-1-GN-25-000504**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

KEEGAN HOWE
State Bar No. 24143028
Assistant Attorney General
Telephone: (512) 475-4300
Keegan.Howe@oag.texas.gov
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

ATTORNEYS FOR APPELLEE
MICHAEL MORATH, COMMISSIONER OF EDUCATION

November 5, 2025

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................ii

INDEX OF AUTHORITIES .........................................................iv

GLOSSARY ...............................................................................xi

IDENTITY OF PARTIES AND COUNSEL..............................xii

STATEMENT OF THE CASE ..................................................xiii

NO ORAL ARGUMENT REQUESTED .................................xiii

ISSUES PRESENTED ...............................................................xiv

STATEMENT OF FACTS ............................................................1

STANDARD OF REVIEW.............................................................3

SUMMARY OF THE ARGUMENT ..............................................5

ARGUMENT ..................................................................................7

    I.    Ms. McClelland lacks a valid FMLA claim for review .................7

        A.    Ms. McClelland's FMLA claim is moot ....................................8

        B.    The FMLA claim is moot because Ms. McClelland has no legal cognizable interest. ......................................................10

        C.    Exceptions to mootness do not apply. ....................................11

        D.    A policy's possible future enforcement against others is not a valid exception to mootness............................................15

        E.    A claim under the Uniform Declaratory Judgments Act is improper.................................................................................18

    II.    Weatherford ISD may run FMLA and TDL concurrently under Section 22.003(b) of the Texas Education Code...............21

A.   Principles guiding statutory interpretation of section 22.003(b)............................................................................21

B.   Section 22.003(b) applies only to personal and local school-created leave .............................................................23

C.   FMLA is not leave "provided by the school district.".............29

D.   TDL is not leave "provided by the school district.".................32

E.   Ms. McClelland misinterprets the statute by improperly isolating individual words and phrases. ................................35

F.   This case solely involves questions of statutory interpretation...................................................................39

PRAYER .................................................................................42

CERTIFICATE OF COMPLIANCE........................................................43

CERTIFICATE OF SERVICE...............................................................44

iii

# INDEX OF AUTHORITIES

## Cases

*Abbott v. Mexican Am. Legislative Caucus, Tex. House of*
  *Representatives*,
  647 S.W.3d 681 (Tex. 2022) ............................................................... 40

*AIM Media Tex., LLC v. City of Odessa*,
  663 S.W.3d 324 (Tex. App.—Eastland 2023, pet. denied) ................... 12

*Allen v. Butler Cnty. Comm'rs*,
  331 Fed. App'x 389 (6th Cir. 2009) (unpublished) ............................. 31

*Allstate Ins. Co. v. Hallman*,
  159 S.W.3d 640 (Tex. 2005) ............................................................... 10

*Ammonite Oil & Gas Corp. v. R.R. Comm'n*,
  672 S.W.3d 33 (Tex. App.—San Antonio 2021),
  aff'd on other grounds, 698 S.W.3d 198 (Tex. 2024) ............................ 4

*Anderton v. City of Cedar Hill*,
  583 S.W.3d 188 (Tex. App.—Dallas 2018, no pet.) .................. 13, 14, 15

*Arbuckle v. Wichita Cnty. Tex. Adult Probation*,
  643 S.W.3d 229 (Tex. App.—Fort Worth 2022, no pet.) ...................... 22

*Bailey v. Smith*,
  581 S.W.3d 374 (Tex. App.—Austin 2019, pet. denied) ...................... 20

*Buck v. Kozlowski*,
  No. 13-21-00123-CV, 2022 WL 1669146
  (Tex. App.—Corpus Christi-Edinburg May 26, 2022, pet. denied) ....... 9

*Camarena v. Tex. Emp. Comm'n*,
  754 S.W.2d 149 (Tex. 1988) ............................................................... 10

*City of Dallas v. Woodfield*,
  305 S.W.3d 412 (Tex. App.—Dallas 2010, no pet.) ............................. 12

*City of El Paso v. Heinrich*,
  284 S.W.3d 366 (Tex. 2009) ............................................................... 20

*City of Rockwall v. Hughes,*
    246 S.W.3d 621 (Tex. 2008) ................................................. 22

*City of Schertz v. Tex. Comm'n on Envtl. Quality,*
    653 S.W.3d 468 (Tex. App.—Amarillo 2022, no pet.) ........................ 4, 5

*Click v. Tyra,*
    867 S.W.2d 406 (Tex. App.—Houston [14th District] 1993,
    no writ) ............................................................. 15, 16, 17, 18

*Combs v. Health Care Services Corp.,*
    401 S.W.3d 623 (Tex. 2013) ................................................. 41, 42

*Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.,*
    19 S.W.3d 393 (Tex. 2000) ................................................. 23

*Crowley Indep. Sch. Dist. v. Stoneham,*
    No. 15-24-00051-CV, 2025 WL 794046 (Tex. App.—Austin
    [15 Dist.] Mar. 13, 2025, no pet. h.) ................................... 3

*Davis v. Morath,*
    624 S.W.3d 215 (Tex. 2021) ................................................. 4

*ERCOT, Inc. v. Panda Power Generation Infrastructure Fund,*
    *LLC,*
    619 S.W.3d 628 (Tex. 2021) ................................................. 9

*Ex parte Muckenfuss,*
    52 Tex. Crim. 467, 107 S.W. 1131 (1908) ................................... 38

*ExxonMobil Pipeline Co. v. Coleman,*
    512 S.W.3d 895 (Tex. 2017) ................................................. 22, 23

*Fairfield Ins. Co. v. Stephens Martin Paving, LP,*
    246 S.W.3d 653 (Tex. 2008) ................................................. 36

*Farmers' Mechanics' Nat'l Bank v. Hanks,*
    137 S.W. 1120 (Tex. 1911) ................................................. 37

*Fitzgerald v. Advanced Spine Fixation Sys., Inc.,*
    996 S.W.2d 864 (Tex. 1999) ................................................. 23

*FLCT, Ltd. v. City of Frisco,*
493 S.W.3d 238 (Tex. App.—Fort Worth 2016, pet. denied) ............... 19

*Galbraith Eng'g Consultants, Inc. v. Pochucha,*
290 S.W.3d 863 (Tex. 2009) ....................................................... 21, 22

*Gaytan v. Santa Rosa Indep. Sch. Dist.,*
Docket No. 059-R3-07-2018, 2018 WL 6528219
(Comm'r Educ. 2018)................................................................... 16

*Granger v. Morath,*
No. 14-23-00245-CV, 2024 WL 2763387 (Tex. App.—Houston
[14th Dist.] May 30, 2024, pet. denied) .................................................. 4

*Hammond v. City of Dallas,*
712 S.W.2d 496 (Tex. 1986) ....................................................... 37

*Heckman v. Williamson Cnty.,*
369 S.W.3d 137 (Tex. 2012) ....................................................... 9

*Helena Chem. Co. v. Wilkins,*
47 S.W.3d 486 (Tex. 2001) ....................................................... 23

*Hicks v. Leroy's Jewelers, Inc.,*
225 F.3d 659, 2000 WL 1033029 (6th Cir. 2000) (unpublished) ......... 31

*In re Battenfield,*
No. 06-24-00090-CV, 2025 WL 502507
(Tex. App.—Texarkana Feb. 14, 2025, no pet.) .................................... 4

*In re Glass,*
No. 11-21-00188-CV, 2021 WL 4097176
(Tex. App.—Eastland Sept. 9, 2021, no pet.).................................... 11

*In re Kellogg Brown & Root, Inc.,*
166 S.W.3d 732 (Tex. 2005) (orig. proceeding) .................................... 9

*Judson Indep. Sch. Dist. v. Ruiz,*
No. 04-13-00706-CV, 2015 WL 1501758
(Tex. App.—San Antonio Mar. 31, 2015, pet. denied) (mem. op.)......... 3

*Kaup v. Tex. Workforce Comm'n,*
  456 S.W.3d 289 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ........... 4

*Meritor Auto., Inc. v. Ruan Leasing Co.,*
  44 S.W.3d 86 (Tex. 2001) ................................................................. 35

*Montgomery Indep. Sch. Dist. v. Davis,*
  34 S.W.3d 559 (Tex. 2000) ................................................................. 3

*Murphy v. Hunt,*
  455 U.S. 478 (1982) ........................................................................ 13

*Nehls v. Hartman Newspapers, LP,*
  522 S.W.3d 23 (Tex. App.—Houston [1st Dist.] 2017,
  pet. denied) ............................................................................. 16, 17

*N. E. Indep. Sch. Dist. v. Riou,*
  598 S.W.3d 243, (Tex. 2020) .............................................................. 3

*Parents, Individually and as Next Friends of Student v. Eanes
  Indep. Sch. Dist.,*
  Docket No. 037-R10-04-2020 (Comm'r Educ.) .................................... 11

*Perez v. State,*
  11 S.W.3d 218 (Tex. Crim. App. 2000 ............................................... 38

*PHI, Inc. v. Tex. Juvenile Justice Dept.,*
  593 S.W.3d 296 (Tex. 2019) ............................................................. 22

*Primexx Energy Opportunity Fund, LP v. Primexx Energy Corp.,*
  709 S.W.3d 619 (Tex. Bus. Ct. 2025), reconsideration denied,
  713 S.W.3d 416 (Tex. Bus. Ct. 2025) ................................................ 23

*Republic Bank Dallas, N.A. v. Interkal, Inc.,*
  691 S.W.2d 605 (Tex. 1985) ............................................................. 41

*R.R. Comm'n v. Tex. Citizens for a Safe Future & Clean Water,*
  336 S.W.3d 619 (Tex. 2011) ............................................................... 4

*Rodriguez v. Waak,*
  562 S.W.3d 570 (Tex. App.—Houston [1st Dist.] 2018),
  *aff'd*, 603 S.W.3d 103 (Tex. 2020) ......................................................22

*Simmons v. Arnim,*
  110 Tex. 309, 324, 220 S.W. 66 (1920) ................................................41

*Stanford v. Butler,*
  181 S.W.2d 269 (Tex. 1944) ................................................................37

*State v. City of Austin,*
  No. 03-20-00619-CV, 2021 WL 1313349
  (Tex. App.—Austin Apr. 8, 2021, no pet.) (mem. op.) ................... 11, 12

*State v. Morello,*
  547 S.W.3d 881 (Tex. 2018) ................................................................22

*State ex rel. Best v. Harper,*
  562 S.W.3d 1 (Tex. 2018) ....................................................................10

*Tex. A&M Univ.–Kingsville v. Yarbrough,*
  347 S.W.3d 289 (Tex. 2011) ................................................................10

*Tex. Dep't of Transp. v. Sefzik,*
  355 S.W.3d 618 (Tex. 2011) ................................................................20

*Tex. Dep't of Family & Protective Servs. v. Grassroots Leadership, Inc.,*
  665 S.W.3d 135 (Tex. App.—Austin 2023, pet. granted) ................9, 13

*Tex. Parks & Wildlife Dep't,*
  354 S.W.3d 384 (2011) ........................................................................19

*Tex. State Bd. of Veterinary Med. Exam'rs v. Giggleman,*
  408 S.W.3d 696 (Tex. App.—Austin 2013, no pet.) ............................19

*TGS–NOPEC Geophysical Co. v. Combs,*
  340 S.W.3d 432 (Tex. 2011) ................................................................37

*Unocal Pipeline Co. v. BP Pipelines (Alaska) Inc.*,
   512 S.W.3d 492 (Tex. App.—Houston [1st Dist.] 2016, pet.
   denied) ...................................................................................... 19

*Williams v. Huff*,
   52 S.W.3d 171 (Tex. 2001) .................................................... 12

**Statutes**

Tex. Civ. Prac. & Rem. Code
   Ch. 37 ...................................................................................... 18
   § 37.003(a) .............................................................................. 18
   § 37.004 .................................................................................. 18

Tex. Educ. Code
   § 7.057 .................................................................................... 18
   § 7.057(a)(2)(A) ........................................................................2
   § 7.057(d) ..................................................................................2
   § 13.904 .................................................................................. 24
   § 13.904(a) .............................................................................. 27
   § 13.904(f) ......................................................................... 26, 29
   § 21.307(e) ................................................................................3
   § 21.307(f) .................................................................................3
   § 21.409 ............................................................................. 32, 33
   § 21.409(f) .............................................................................. 34
   § 22.003 ......................................................................... *passim*
   § 22.003(a) ......................................................... 21, 24, 25, 39
   § 22.003(b) ..................................................................... *passim*
   § 22.003(d) .............................................................................. 36
   § 22.003(e) .............................................................................. 26
   § 22.003(f) ......................................................................... 26, 27
   § 33.002(c) .............................................................................. 38

Tex. Gov't Code
   § 311.011(a) ............................................................................ 22
   § 311.021(2) ............................................................................ 23
   § 402.010.................................................................................. 40

## Rules

19 Tex. Admin. Code § 157.1073(h) ........................................................18

29 C.F.R. § 825.207 ...............................................................30, 31
29 C.F.R. § 825.207(d) ........................................................................31

## Other Authorities

Acts 1983, 68th Leg., ch. 334 ...............................................................28

House Research Org., Bill Analysis, Tex. H.B. 462, 81st Leg., R.S.
(Apr. 27, 2009) ................................................................................27

Office of House Bill Analysis, Bill Analysis, H.B. 1188, 77th Leg.,
R.S. (2001) .......................................................................................28

Pub. Educ. Comm. Report, Bill Analysis, S.B. 522, 81st Leg., R.S.
(2009) ...............................................................................................29

Tex. Att'y Gen. Op. No. JM-803 (1987) ................................................29

Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 199-213 (2012) ..........................................37

Michael W. Wright, *The Louisiana Teacher Assault Pay Statute: An Analysis of Court Decisions Interpreting the Statute and a Comparative Study of Teacher Assault Pay Statutes in Other States* (ERIC Document Reproduction Serv. No. ED578013, 2017) .................40

## GLOSSARY

| | |
|---|---|
| Commissioner | Appellee Mike Morath, Commissioner of Education in his official capacity |
| District | Appellee Weatherford Independent School District |
| FMLA | Family and Medical Leave Act |
| Ms. McClelland | Appellant Laura McClelland |
| Reference to Reporters Record (Administrative Record) | RR vol.___ at TEA_____ |
| TDL | Temporary Disability Leave |
| Appellant's Brief | App. Br. At ____ |

# IDENTITY OF PARTIES AND COUNSEL

*Appellant:*                              *Counsel:*

Laura McClelland                          Richard L. Arnett
                                          State Bar No. 01333300
                                          Of Counsel to Brim & Brim, P.C.
                                          5926 Balcones Drive, Suite 220
                                          Austin, Texas 78731


*Appellees:*                              *Counsel:*

Michael Morath, Commission of             Keegan Howe
Education, in his official capacity       State Bar No. 24143028
                                          Assistant Attorney General
                                          Administrative Law Division
                                          Office of the Attorney General of Texas
                                          P.O. Box 12548, Capitol Station
                                          Austin, Texas 78711-2548

                                          *Counsel:*

Weatherford Independent School            Colby Rideout
District                                  State Bar No. 24073106
                                          Ross Mitchell
                                          State Bar No. 24088073
                                          Leasor Crass, P.C.
                                          302 W. Broad Street
                                          Mansfield, Texas 76063

## STATEMENT OF THE CASE

This is an appeal from a final judgment signed July 17, 2025, by the 98th District Court of Travis County, affirming the decision of the Commissioner of Education brought under Texas Education Code section 7.057, challenging the Commissioner's decision dated November 14, 2024. Ms. McClelland challenges the Commissioner's (1) decision that he lacks jurisdiction to hear Ms. McClelland's FMLA claim under Texas Education Code Section 22.003(b) regarding running her assault leave concurrently with her FMLA leave, and (2) conclusion that the school board did not violate Texas Education Code Section 22.003(b) by running Ms. McClelland's Family and Medical Leave Act (FMLA) leave and Temporary Disability Leave (TDL) leave concurrently with her assault leave.

## NO ORAL ARGUMENT REQUESTED

The Commissioner respectfully requests that the Court resolve this matter on the written briefs, as the issues are fully presented, and oral argument would not materially aid the Court's decision. However, the Commissioner requests he be allowed to present oral argument should the Court determine that it would be helpful.

# ISSUES PRESENTED

1. Whether the Commissioner and District correctly concluded that Ms. McClelland's FMLA claim is moot because she no longer qualifies, not having worked a minimum of 1,250 hours during the preceding twelve-month period.

2. Whether the Commissioner and District correctly concluded that Weatherford Independent School District's local policy requiring FMLA and TDL to run concurrently with assault leave does not violate Texas Education Code Section 22.003.

## STATEMENT OF FACTS

The relevant facts of this case, including those surrounding Ms. McClelland's injury, are not in dispute. Ms. McClelland has been employed as a teacher with Weatherford Independent School District (District) for over two decades. RR vol.3 at TEA00308. During the 2022–2023 school year, she was assaulted on or about November 7, 2022, in the course and scope of her employment. RR vol. 3 at TEA00655.

The Texas Legislature has established a unique statutory entitlement to assault leave for educators injured by students during the performance of their duties. *See* Tex. Educ. Code § 22.003(b). Ms. McClelland began using this assault leave on an intermittent basis in March 2023. RR vol. 3 at TEA00655.

Shortly before students returned for the start of the 2023–2024 school year, Ms. McClelland notified the District she would be taking continuous leave. *Id*. On July 27, 2023, the District informed Ms. McClelland that her FMLA leave would be designated to run concurrently with her assault leave, pursuant to the District's Policy DEC (local). *Id*. By that time, however, Ms. McClelland had already filed a level 1 grievance on June 30, 2023, asserting that Texas Education

Code Section 22.003 prohibits concurrent leave designations. *Id.*; RR vol. 3 at TEA00371.The District issued a level I response denying Ms. McClelland requested remedy. RR vol. 3 at TEA00101.

While the grievance was held in abeyance by agreement, the District further informed Ms. McClelland that the TDL would also run concurrently. Ms. McClelland subsequently amended her grievance on November 10, 2023, to challenge that determination as well. RR vol. 3 at TEA00057. Ms. McClelland appealed the Level I decision to Levels II and III. RR vol. 3 at TEA00182, 254–56.

On January 22, 2024, the District's Board of Trustees denied Ms. McClelland's grievance, and she timely appealed to the Commissioner of Education under Texas Education Code Section 7.057(a)(2)(A). After briefing and oral argument, the Commissioner issued his decision on November 14, 2024. RR vol. 3 at TEA00664. After Ms. McClelland's motion for rehearing was denied by operation of law, she filed her petition for judicial review pursuant to Texas Education Code Section 7.057(d). RR vol. 3 at TEA00673–77.

On June 30, 2025, the 98th District Court of Travis County heard the case. RR vol. 2 at 1. The trial court affirmed the Commissioner's

decision, and following entry of final judgment on July 17, 2025, Ms. McClelland appealed.

## STANDARD OF REVIEW

Judicial review of a decision by the Commissioner is governed by the substantial evidence standard, limiting the court's review to the administrative record and excluding from consideration new evidence. *N. E. Indep. Sch. Dist. v. Riou*, 598 S.W.3d 243, 251 (Tex. 2020). "Under substantial evidence review, 'only more than a mere scintilla' of evidence is needed to support the Commissioner's decision." *Judson Indep. Sch. Dist. v. Ruiz*, No. 04-13-00706-CV, 2015 WL 1501758, at *3 (Tex. App.—San Antonio Mar. 31, 2015, pet. denied) (mem. op.) (quoting *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 566 (Tex. 2000)); *see also* Tex. Educ. Code § 21.307(e). Issues not raised in the local record are not subject to judicial review. *Id.* The Commissioner's decision may only be reversed if it is unsupported by substantial evidence or if the Commissioner made an error of law. *Crowley Indep. Sch. Dist. v. Stoneham*, No. 15-24-00051-CV, 2025 WL 794046, at *5 (Tex. App.—Austin [15th Dist.] Mar. 13, 2025, no pet. h.); Tex. Educ. Code § 21.307(f).

The construction of a statute is a legal question reviewed for errors

of law. *R.R. Comm'n v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). An error of law occurs when an agency incorrectly analyzes the law or misapplies it to the facts. *Kaup v. Tex. Workforce Comm'n,* 456 S.W.3d 289, 295 (Tex. App.—Houston [1st Dist.] 2014, no pet.). An agency's interpretation of a statute is entitled to serious consideration, particularly where the agency's construction is reasonable. *Davis v. Morath*, 624 S.W.3d 215, 221 (Tex. 2021); *Granger v. Morath*, No. 14-23-00245-CV, 2024 WL 2763387, at *2 (Tex. App.—Houston [14th Dist.] May 30, 2024, pet. denied); *In re Battenfield*, No. 06-24-00090-CV, 2025 WL 502507, at *2 (Tex. App.—Texarkana Feb. 14, 2025, no pet.).

This weighted consideration reflects the reality that agencies that apply the statute on a day-to-day basis often possess specialized knowledge and are in the best position to interpret it. *See Ammonite Oil & Gas Corp. v. R.R. Comm'n*, 672 S.W.3d 33, 39 (Tex. App.—San Antonio 2021), aff'd on other grounds, 698 S.W.3d 198 (Tex. 2024). Moreover, when interpreting agency rules, the court's primary objective is to ascertain and give effect to the agency's intended purpose and rationale for adopting the rule. *City of Schertz v. Tex. Comm'n on Envtl. Quality*,

653 S.W.3d 468, 473 (Tex. App.—Amarillo 2022, no pet.).

## SUMMARY OF THE ARGUMENT

The Commissioner lacks jurisdiction to review Ms. McClelland's FMLA complaint because the question has been rendered moot. She is no longer eligible for FMLA benefits, having failed to work the minimum 1,250 hours during the preceding twelve-month period as required by federal law. The Commissioner correctly concluded that he could not resolve Ms. McClelland's FMLA issue, given that there was no live controversy because she would not regain FMLA eligibility unless and until she returns to work for at least 1,250 hours within a twelve-month period.

Additionally, this case does not meet the two-prong test for the "capable of repetition, yet evading review" exception to mootness. Ms. McClelland fails the first prong because her work requirement fell below the annual FMLA threshold, not because the running of her leave concurrently was too short in duration to be litigated before it expired. Further, she fails the second prong because there is not a reasonable likelihood or demonstrated probability that she will again find herself in the same factual circumstances such that the issue is likely to recur.

Furthermore, notwithstanding mootness, the District and Commissioner correctly concluded that because section 22.003 does not expressly govern or address FMLA or TDL, Ms. McClelland cannot establish that the District violated the statute by allowing her assault leave to run concurrently with either type of leave. The key qualifiers in section 22.003(b), "provided by this section" and "by the school district," are read together with the remainder of the sentence, making it clear they apply only to leave created under section 22.003 or locally by the school district and not to other state or federal forms of leave. Legislative history and related statutes confirm that the Legislature understood the purpose of Section 22.003(b) was to protect personal and locally created leave. Moreover, the surrounding statutes make clear that the Legislature's omission of federally authorized leave was deliberate, as it expressly addressed other forms of federal leave in the surrounding sections of the Education Code. The purpose of section 22.003(b) is to supplement or extend the duration of leave and pay that would otherwise be available to teachers. A plain reading of section 22.003 reflects its function: to govern how employees' personal leave, including any additional personal or locally created school leave, must be administered

when an employee qualifies for assault leave. Therefore, the Commissioner correctly interpreted section 22.003 to conclude that both FMLA leave and TDL may run concurrently with assault leave.

## ARGUMENT

### I. Ms. McClelland lacks a valid FMLA claim for review.

The Commissioner correctly concluded that Ms. McClelland's FMLA claim is moot because she no longer satisfies the federal eligibility requirement of having worked at least 1,250 hours in the preceding twelve-month period prior to the Commissioner's decision and is therefore ineligible for FMLA. Thus, she has no legally cognizable interest in this issue. The Commissioner correctly concluded that he could not resolve Ms. McClelland's FMLA issue, as there was nothing to remand to the District. Ms. McClelland has no entitlement to FMLA under federal law. The Commissioner cannot require the District to restore FMLA to which Ms. McClelland is not presently entitled. Because there is no live controversy regarding Ms. McClelland's FMLA eligibility, that claim is moot.

Furthermore, this case does not meet the two-prong test for the "capable of repetition, yet evading review" exception to mootness. Ms.

McClelland fails the first prong because the reason she has no FMLA leave is that her work-hours requirement to qualify for that leave fell below the annual threshold, not because the running of her FMLA leave concurrently with assault leave was too short in duration to be litigated before it expired. Further, she fails the second prong because there is not a reasonable likelihood or demonstrated probability that Ms. McClelland will again find herself in the same factual circumstances such that the issue is likely to recur.

Moreover, Ms. McClelland lacks standing to challenge the District's policy on behalf of other employees. Standing requires that Ms. McClelland demonstrate a reasonable likelihood or demonstrated probability that the same alleged harm will recur to her, specifically. The Commissioner correctly concluded that there is only a remote, if not implausible, possibility that Ms. McClelland will find herself in the same position. RR vol. 3 TEA00659. As a result, the "capable of repetition, yet evading review" exception to mootness does not apply.

## A. Ms. McClelland's FMLA claim is moot.

Under the Texas Constitution, the mootness doctrine reflects the judiciary's limited role within the separation of powers and prohibits

courts from issuing advisory opinions. *ERCOT, Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634 (Tex. 2021). A case becomes moot when: (1) there is no longer a live controversy between the parties; (2) the parties no longer have a legally cognizable interest in the outcome; (3) the court is unable to grant effective relief; or (4) any ruling would constitute an advisory opinion. *Buck v. Kozlowski*, No. 13-21-00123-CV, 2022 WL 1669146, at *6 (Tex. App.—Corpus Christi-Edinburg May 26, 2022, pet. denied) ("Put simply, a case is moot when the court's action . . . cannot affect the parties' rights or interests." (citing *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 151 (Tex. 2012)).

A case becomes moot when a justiciable controversy ceases to exist between the parties at any stage of the legal proceedings. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). Texas courts recognize a "rare" exception to mootness for disputes that are "capable of repetition, yet evading review." *Tex. Dep't of Fam. & Protective Servs. v. Grassroots Leadership, Inc.*, 665 S.W.3d 135, 141 (Tex. App.—Austin 2023, pet. granted). This exception applies only when: (1) the challenged action is of such short duration that the plaintiff cannot obtain review before the issue becomes moot and (2) there is a

reasonable expectation that the same action will recur as to the same complaining party. *Tex. A&M Univ.–Kingsville v. Yarbrough*, 347 S.W.3d 289, 290 (Tex. 2011).

## B. The FMLA claim is moot because Ms. McClelland has no legal cognizable interest.

When a legally cognizable controversy ceases to exist or becomes purely hypothetical, the case is moot and should be dismissed. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005). A live controversy must exist between the parties throughout all stages of the legal proceedings, including on appeal. *Camarena v. Tex. Emp. Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988). Accordingly, if an issue presented has become moot, dismissal is appropriate as to that issue. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018), as corrected on denial of reh'g (Dec. 21, 2018).

As a preliminary matter, the FMLA claim is moot because Ms. McClelland is ineligible for leave under FMLA. Preceding the Commissioner's decision, she had not worked any of the required 1,250 hours during the 365-day period immediately preceding the appeal and, therefore, would not have qualified for FMLA even if she had prevailed. RR vol. 3 at TEA00598-99. Ms. McClelland herself acknowledged that

"the harm that could have been caused by [the District's] policies this time was avoided for independent reasons." RR vol. 3 at TEA00288. By her own admission, no live controversy remained, and there was no relief the Commissioner could provide to redress the alleged FMLA violation. Therefore, because the relief granted would not affect the rights of Ms. McClelland, the case is moot. *See generally In re Glass*, No. 11-21-00188-CV, 2021 WL 4097176, at *1 (Tex. App.—Eastland Sept. 9, 2021, no pet.); *Parents, Individually and as Next Friends of Student v. Eanes Indep. Sch. Dist.*, Docket No. 037-R10-04-2020 (Comm'r Educ. 2020).

## C.    Exceptions to mootness do not apply.

The "capable of repetition, yet evading review" exception to mootness does not apply here. Ms. McClelland fails the two-prong test for this exception. She fails the first prong because her work requirement fell below the annual threshold, not because the running of her leave concurrently was too short in duration to be litigated before it expired. RR Vol. 3 at TEA00599. Further, to meet the second prong, Ms. McClelland must show that the complained-of action is capable of repetition as to her specifically. *State v. City of Austin*, No. 03-20-00619-CV, 2021 WL 1313349, at *6 (Tex. App.—Austin Apr. 8, 2021, no pet.)

(mem. op.).

The second prong of the exception requires a reasonable expectation or demonstrated probability that the same party will again be subjected to the complained-of action. *AIM Media Tex., LLC v. City of Odessa*, 663 S.W.3d 324, 332 (Tex. App.—Eastland 2023, pet. denied); *see also Williams v. Huff*, 52 S.W.3d 171, 184 (Tex. 2001). A mere physical or theoretical possibility is insufficient. *City of Dallas v. Woodfield*, 305 S.W.3d 412, 419 (Tex. App.—Dallas 2010, no pet.). In this case, the possibility that Ms. McClelland will face the same issue again is highly speculative and rests on a series of increasingly remote contingencies.

As the Commissioner rightfully reasoned, to even reach a similar factual posture, Ms. McClelland would need to: (1) return to work; (2) return to work specifically with the District; and (3) work at least 1,250 hours in a twelve-month period to reestablish FMLA eligibility. She would then need to (4) suffer another work-related injury, (5) caused by a qualifying assault under section 22.003(b), triggering entitlement to assault leave. In addition, the resulting assault leave would need to be of sufficiently short duration—fewer than 12 weeks—to preserve some FMLA eligibility. Otherwise, her FMLA entitlement would again expire

due to insufficient hours worked. Finally, (6) a separate FMLA-qualifying event would need to arise (7) before she restored her full FMLA leave bank, creating a live controversy over any reduced leave remaining after the concurrent use of assault leave.

While this chain of events is theoretically possible, Ms. McClelland cannot show with a demonstrated probability or reasonable expectation from the facts that the same action could specifically occur to her again. Ms. McClelland's claim is speculative at best, if not impossible. Ms. McClelland has not demonstrated a realistic likelihood of recurrence and therefore fails to meet the second prong of the mootness exception. Because neither prong of the "capable of repetition, yet evading review" doctrine is satisfied, Ms. McClelland's FMLA claim remains moot and was properly dismissed. The "mere physical or theoretical possibility" that the same party may be subjected to the same action again is not sufficient to satisfy this element. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982); *Tex. Dep't of Fam. & Protective Servs. v. Grassroots Leadership, Inc.*, 717 S.W.3d 854, 885 (Tex. 2025).

For example, in *Anderton*, the court addressed whether a zoning dispute remained justiciable after the city enacted amendments that

effectively addressed the plaintiffs' original complaints. *Anderton v. City of Cedar Hill*, 583 S.W.3d 188, 193 (Tex. App.—Dallas 2018, no pet.). In that case, the plaintiffs argued their claims were not moot because the City could, at some point in the future, rezone the property in a way that would negatively impact their business. *Id.* However, the court rejected this argument, holding that a mere theoretical possibility of future adverse governmental action is insufficient to invoke the "capable of repetition, yet evading review" exception to mootness. *Id.* The court emphasized that the exception requires a reasonable expectation, not just a hypothetical or speculative chance that the same complaining party will again be subjected to the challenged action. *Id.* Because the Andertons failed to identify any evidence in the record demonstrating that future rezoning was reasonably likely, their claims were properly dismissed as moot. *Id.*

Likewise, in this case, the Commissioner found that Ms. McClelland's capable-of-repetition claim relied on a complex chain of hypothetical and speculative events aligning in her favor. While previously Ms. McClelland argued that the continued existence of the District's leave policy preserved a live controversy, she failed to show a

reasonable expectation that she would again face the same circumstances, namely, being eligible for FMLA leave while also qualifying for assault leave. As in *Anderton*, the claim rested on speculation about what *might* occur in the future. Because the likelihood of recurrence was remote and unsupported by evidence, the Commissioner concluded, as the court did in *Anderton*, that the capable-of-repetition exception did not apply, and the claim was properly dismissed.

### D. A policy's possible future enforcement against others is not a valid exception to mootness.

The mootness argument advanced by Ms. McClelland is anchored around a single thirty-two-year-old case, ignoring centuries of previous judicial authority and the more than three decades of case law that has followed since. *See Click v. Tyra*, 867 S.W.2d 406 (Tex. App.—Houston [14th District] 1993, no writ); App. Br. at 15. Ms. McClelland claims that *Click* establishes a blanket rule that any official policy that could be applied to others is sufficient to save a case from mootness. *Id*. However, she fundamentally misinterprets the holding of *Click*. At most, *Click* provides a narrow and extraordinary exception in circumstances where 1) a policy or practice is implemented by members or staff of the court,

and 2) the policy or practice is a recurring problem that has historically affected a large number of petitioners' rights. *Click,* 867 S.W.2d at 408–09.

This limited carveout is entirely inapplicable here. Ms. McClelland asks this Court to disregard well-settled Texas jurisprudence. Accepting her position at face value would effectively nullify the mootness doctrine by eliminating the requirement that the harm recur to the same individual. Instead, it would allow the exception to apply based on mere speculation that some other member of the same class might face a similar issue at some undefined future point.

Moreover, the First Court of Appeals already considered and rejected this same flawed reasoning. *See Nehls v. Hartman Newspapers, LP*, 522 S.W.3d 23, 33 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). That court reaffirmed the well-established and undisputed principle that, to invoke the capable of repetition exception, it must be likely that the challenged policy or act will be applied to the same individual again.[1] *Id.*

---

[1] The Commissioner has likewise squarely rejected the same legal reasoning advanced by *Click*. *See Gaytan v. Santa Rosa Indep. Sch. Dist.*, Docket No. 059-R3-07-2018, 2018 WL 6528219, at 2 (Comm'r Educ. 2018).

As the court in *Nehls* explained, in *Click* the relator filed a mandamus action seeking to compel the clerk to file the appellate record without requiring prepayment despite the relator having already posted bond. *Id.* Although the clerk eventually filed the record during the proceedings, potentially rendering the issue moot, the court received multiple amicus briefs highlighting that the advance payment requirement was a repeated practice, and the clerk indicated an intention to continue the policy. *Id.* Given those facts, the court created a rare carve-out for court policies or acts that were a recurrent issue and concluded it needed to address the matter substantively rather than dismiss it as moot. *Id.*

*Nehls* fully rejected *Click*'s conclusion and reaffirmed the longstanding rule consistently applied across Texas jurisprudence, including by the Texas Supreme Court. The rule is clear: the appellant must (1) establish a reasonable expectation or (2) demonstrate probability that she will again be subjected to the same action. *Id.* Ms. McClelland has failed to satisfy either of these requirements.

Even applying *Click*, arguendo, Ms. McClelland's claim would still fail. The policy or practice at issue must present a recurrent problem that

has repeatedly evaded review and affected a broad group of petitioners. *Id.* There is no indication that Ms. McClelland presents issues that are systemic, recurring, or arbitrarily applied by school districts. To the contrary, she concedes that to her knowledge, this is the first case of its kind. RR vol. 3 at TEA00526. Importantly, nothing in the record suggests she will face the same issue again, which is a key requirement under *Click*. Therefore, *Click* provides no meaningful guidance in this case.

### E. A claim under the Uniform Declaratory Judgments Act is improper.

Ms. McClelland attempts to salvage her FMLA leave claim from mootness under a vague reading of Texas Civil Practice & Remedies Code section 37.004, Uniform Declaratory Judgments Act (UDJA).[2] App. Br. at 15. The Commissioner lacks jurisdiction over Ms. McClelland's UDJA claims. RR vol. 3 at TEA00658 fn. 1.

---

[2] An appeal to the Commissioner under section 7.057 is also not the proper vehicle for seeking declaratory relief, which must be pursued through an original action in a Texas court of record, not before an administrative agency. Tex. Civ. Prac. & Rem. Code § 37.003(a). The Commissioner has no jurisdiction under the UDJA and lacks authority to grant declaratory judgments, attorneys' fees, costs, or any other remedies available under Chapter 37. *See* Tex. Civ. Prac. & Rem. Code Ch. 37; 19 Tex. Admin. Code § 157.1073(h). Accordingly, Ms. McClelland's reliance on the UDJA does not revive her otherwise moot administrative appeal.

The UDJA does not create or expand a court's subject matter jurisdiction. *Tex. State Bd. of Veterinary Med. Exam'rs v. Giggleman,* 408 S.W.3d 696, 707 (Tex. App.—Austin 2013, no pet.). It is "merely a procedural device for resolving cases already within a court's jurisdiction." *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (2011). The UDJA does not give courts authority to decide hypothetical or contingent disputes or to resolve questions not essential to the resolution of a present controversy, even if such questions may arise in the future. *Unocal Pipeline Co. v. BP Pipelines (Alaska) Inc.*, 512 S.W.3d 492, 505–06 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Ms. McClelland cites no authority supporting jurisdiction over the UDJA. Therefore, because the case is moot, and the UDJA cannot revive the cause. *See generally, FLCT, Ltd. v. City of Frisco*, 493 S.W.3d 238, 251 (Tex. App.—Fort Worth 2016, pet. denied).

Furthermore, Ms. McClelland is independently barred from bringing her claim under the UDJA because there has been no waiver of the Commissioner's sovereign immunity. A limited waiver of a state agency's or its officers' immunity under the UDJA applies only to challenges to the validity of a statute, not to claims merely seeking its

interpretation. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370–71 (Tex. 2009). Additionally, the UDJA does not waive immunity for parties seeking declarations of their rights under a statute or other law. *Bailey v. Smith*, 581 S.W.3d 374, 386 (Tex. App.—Austin 2019, pet. denied).

It is understood that Ms. McClelland does not challenge the validity of the section 22.003(b) itself but rather the District's and the Commissioner's finding (and the trial court's affirmation of that finding) interpreting Weatherford ISD's local Board Policy DEC (LOCAL) as being consistent with the statute and state law. The challenge concerns what Ms. McClelland calls the District's "illegal polic[y]" of running FMLA and TDL leave concurrently under Section 22.003(b); however, the UDJA does not waive the Commissioner's sovereign immunity for such a claim. App. Br. at 15; see *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011) (holding that the UDJA does not waive a state agency's sovereign immunity when a plaintiff challenges the agency's actions based on its interpretation of a statute). Accordingly, because the UDJA neither confers subject-matter jurisdiction nor revives moot claims, Ms. McClelland's reliance on the UDJA is misplaced.

**II.  Weatherford ISD may run FMLA and TDL concurrently under Section 22.003(b) of the Texas Education Code.**

The District and Commissioner correctly interpreted section 22.003(b) of the Texas Education Code to allow independent school districts to run FMLA and TDL leave concurrently.

A plain language reading of section 22.003(a) establishes that its purpose is to protect an employee's state-mandated personal leave, as well as any local leave created by the school district, from being spent or exhausted concurrently with the two years of guaranteed assault leave provided under section 22.003(b), and to clarify how that leave is treated when assault leave is taken. The statute does not reference FMLA leave or TDL. Rather, it applies to paid leave offered by the school district; if it were meant to apply to all leave, it would have said as much, such as "all leave provided by state and federal law." Therefore, Ms. McClelland has not shown that the District's local policy violated section 22.003(b) by running her assault leave concurrently with both FMLA leave and TDL.

**A.  Principles guiding statutory interpretation of section 22.003(b).**

The court's primary objective when construing statutes is to give effect to the legislature's objective. *Galbraith Eng'g Consultants, Inc. v.*

*Pochucha,* 290 S.W.3d 863, 867 (Tex. 2009). Statutes are interpreted according to the text's plain meaning unless the context indicates otherwise, a legislative definition dictates a different interpretation, or the plain meaning would lead to an absurd result. *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625–26 (Tex. 2008). As always, words and phrases shall be read in context and construed according to the rules of grammar and common usage. *State v. Morello,* 547 S.W.3d 881, 886 (Tex. 2018); Tex. Gov't Code § 311.011(a). However, Courts are not required to adopt an alleged plain-meaning literal interpretation of the statute when it would lead to a nonsensical outcome. *PHI, Inc. v. Tex. Juvenile Justice Dept.,* 593 S.W.3d 296, 303 (Tex. 2019).

Statutes are viewed within the entire legislative structure to reflect the legislature's intent. *Rodriguez v. Waak,* 562 S.W.3d 570, 576 (Tex. App.—Houston [1st Dist.] 2018), *aff'd,* 603 S.W.3d 103 (Tex. 2020). Additionally, in looking at the statute, courts "presume that each word contained therein has a purpose and that when the legislature has omitted a word from the statute, it did so purposefully." *Arbuckle v. Wichita Cnty. Tex. Adult Probation,* 643 S.W.3d 229, 233 (Tex. App.— Fort Worth 2022, no pet.); *ExxonMobil Pipeline Co. v. Coleman,* 512

S.W.3d 895, 899 (Tex. 2017). However, courts have long recognized that words and sentences must be read in context, not in isolation; courts interpret statutes holistically within the broader structure and purpose of the statute, *Primexx Energy Opportunity Fund, LP v. Primexx Energy Corp.*, 709 S.W.3d 619, 636 (Tex. Bus. Ct. 2025), reconsideration denied, 713 S.W.3d 416 (Tex. Bus. Ct. 2025); Tex. Gov't Code § 311.021(2); *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999); *Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 398 (Tex. 2000).

**B.    Section 22.003(b) applies only to personal and local school-district-created leave.**

When the key qualifiers in section 22.003(b), 'provided by this section' and 'by the school district,' are read together with the remainder of the sentence, it becomes clear they apply only to leave created under section 22.003 or locally by the school district and not to other state or federal forms of leave. Ms. McClelland's assertions would have the Court interpret a single phrase to create conflict or inconsistency with other statutory provisions. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001).

Section 22.003(b) contemplates or applies only to leave under

section 22.003. The District and Commissioner correctly interpreted Texas Education Code Section 22.003(b) to permit school districts to run assault leave concurrently with certain other forms of leave, such as FMLA or TDL, as those forms of leave are not personal leave under section 22.003.

Below is the pertinent portion of Section 22.003(b):

**In addition** to **all other** days of leave provided by this section or **by the school district**, an employee of a school district who is physically assaulted during the performance of the employee's regular duties is entitled to the number of days of leave necessary to recuperate from all physical injuries sustained as a result of the assault. At the request of an employee, the school district must immediately assign an employee to assault leave and, on investigation of the claim, may change the assault leave status and charge the leave against the employee's accrued **personal leave** or against an employee's pay if insufficient accrued **personal leave** is available. Days of leave taken under this subsection may not be deducted from accrued **personal leave**. The period provided by this subsection may not extend more than two years beyond the date of the assault. Notwithstanding any other law, assault leave policy benefits due to an employee shall be coordinated with temporary income benefits due from workers' compensation so that the employee's total compensation from temporary income benefits and assault leave policy benefits equals 100 percent of the employee's weekly rate of pay.

Tex. Educ. Code § 22.003(b) (emphasis added).

Section 22.003(a) provides additional context and clarity:

A state minimum **personal leave** program consisting of five days per year **personal leave** with no limit on accumulation and transferable among districts shall be provided for school district employees. **School districts may provide additional personal leave beyond this minimum**. The board of trustees of a school district may adopt a policy governing an employee's use of **personal leave** granted under this subsection, except that the policy may not restrict:

(1) the purposes for which the leave may be used; or
(2) the order in which an employee may use the state minimum **personal leave** and any additional personal leave provided by the school district.

Tex. Educ. Code § 22.003(a) (emphasis added).

Subsection (a) of section 22.003 requires school districts to provide at least five days of personal leave annually, with no limit on its accumulation. Subsection (a) also authorizes districts to offer additional personal leave and paid military time. The phrase 'leave provided by this section by the school district' in section (b) refers to the categories of leave the statute itself authorizes the school district to establish, not to all other external leave sources, as Ms. McClelland argues in her brief. Br. at 5-6,

Ms. McClelland insists that there is no conceivable reason the Legislature used 'by the school district' rather than 'personal leave' in this section if it did not intend to extend the provision to all leave. App.

Br. at 8. However, the statute's language undermines this argument. Section 22.003(e) provides:

> A school district, including a home-rule school district, may adopt a policy providing for the **paid leave** of absence of employees taking leave for active military service as part of the consideration of employment by the district.

Tex. Educ. Code § 22.003(e) (emphasis added).

This statute authorizes school districts to create paid leave as part of the overall compensation or benefits package for employees who serve in the armed forces, much like the discretionary language in section 22.003(a), which allows districts to attract and retain employees by offering additional personal leave or benefits.

Another indication of why the Legislature used the phrase 'all leave provided by the school district' rather than 'personal leave' appears in the structure of the former statute preceding the 1995 Education Code revisions. Former section 13.904(f), now codified as section 22.003(b), contains nearly identical language. Under that earlier framework, teachers were entitled to a minimum of five days of state sick leave per year, which could be supplemented by additional locally provided sick leave. The Legislature also expressly protected teachers' accrued sick leave under the prior system, now reflected in section 22.003(f).

Under section 22.003(f), a public-school employee who retains any sick leave accumulated under former section 13.904(a), as that section existed on January 1, 1995, is entitled to retain and use the sick leave provided under the former section. Accordingly, for teachers who had accumulated sick leave before 1995, those sick leave days did not simply transition into 'personal' leave. House Research Org., Bill Analysis, Tex. H.B. 462, 81st Leg., R.S. (Apr. 27, 2009). Rather, the leave generally remained separate and apart from newly accruing personal leave, and teachers were still subject to the former rules and limitations for using the sick days, thereby creating two distinct pools of leave. *Id*. Even today, this type of sick leave is still limited to situations that meet the definition of sick leave under the prior statute and school district policy. *Id*.

Ms. McClelland could, for example, have a colleague who has worked for the school district around a decade longer than her and who still retains unused state-created or locally created sick leave predating the 1995 amendments. Such an employee may still hold sick days provided by this section or by the school district' that falls within the meaning of section 22.003 but is not categorized as 'personal' leave. Instead, it would properly fit within the broader phrase 'other leave

provided by the school district.' It is also plausible that, by local policy, sick leave created specifically by an independent school district remains distinct from personal leave. This category of sick leave represents another form of leave that cannot be exhausted by the assault leave statute.

Legislative history likewise supports this interpretation that section 22.003(b) applies only to personal and local school-created leave. The assault leave section of what is now 22.003(b) was codified in 1983, over a decade before the creation and passage of the FMLA. Acts 1983, 68th Leg., ch. 334. The Legislature clearly could not have intended to include protections for categories of leave that did not yet exist at the time of its enactment.

Further amendments, likewise, only refer to personal leave and not federal benefits. The Office of House Bill Analysis regarding HB 1188 states: "House Bill 1188 amends the Education Code to provide, for the purposes of the personal leave program, that an employee of a school district is physically assaulted if . . . ." Office of House Bill Analysis, Bill Analysis, H.B. 1188, 77th Leg., R.S. (2001). This analysis confirms that the Legislature intended the phrase 'other leave provided by this section

or by the school district' to apply to leave explicitly provided under section 22.003.

Additionally, the Legislature intended for school boards to adopt policies governing the use of personal leave granted under section 22.003. *See* Pub. Educ. Comm. Report, Bill Analysis, S.B. 522, 81st Leg., R.S. (2009). The Attorney General likewise examined section 22.003(b) under the former identically phrased section 13.904(f). *See* Tex. Att'y Gen. Op. No. JM-803 (1987). The OAG opinion observed the limits of the statute's application to the specifically defined types of state leave created by the statute, namely, state sick leave, which was later reclassified as personal leave under the 1995 reforms. *Id.*

Accordingly, the phrase 'leave provided by this section or by the school district' is limited to leave granted under section 22.003. *See* Tex. Educ. Code § 22.003(b). Although school districts must comply with other laws, such as the FMLA or TDL provisions, those laws do not provide the leave within the meaning of section 22.003. As a result, nothing in the statute prohibits those other forms of leave from running concurrently.

## C. FMLA is not leave "provided by the school district."

Ms. McClelland claims that the phrase in section 22.003(b), "in

addition to all other days of leave provided by this section or by the school district," should be understood to include FMLA leave or for that matter any federally available form of leave. App. Br. at 4–5. Based on this interpretation, she claims the assault leave under section 22.003(b) must be offered separately and cannot overlap with FMLA leave. *Id*.

However, no authority supports this argument. In fact, the reverse is true, as both the policy manual for the District and the Texas Association of School Boards (TASB) consider concurrent leave to be standard. RR vol. 3 at TEA00224. Ms. McClelland's counsel in fact admits that the policy has existed in more than 1,000 school districts across the state for over a quarter century. RR vol. 3 at TEA00526.

The FMLA, enacted in 1993, includes a comprehensive set of implementing regulations. Among them, Title 29 of the Code of Federal Regulations, Section 825.207 provides that:

> Generally, FMLA leave is unpaid leave. However, under the circumstances described in this section, FMLA permits an eligible employee to choose to substitute accrued paid leave for FMLA leave. If an employee does not choose to substitute accrued paid leave, **the employer may require the employee to substitute accrued paid leave for unpaid FMLA leave**. The term substitute means that the paid leave provided by the employer, and accrued pursuant to established policies of the employer, **will run concurrently with the unpaid FMLA leave**.

29 C.F.R. § 825.207 (emphasis added).

Texas Education Code Section 22.003 makes no mention of the FMLA. The FMLA has been interpreted by tribunals responsible for enforcement to allow applicable forms of paid leave to run concurrently with the FMLA, as stated within Title 29 of the Code of Federal Regulations, section 825.207. *Allen v. Butler Cnty. Comm'rs*, 331 Fed. App'x 389 (6th Cir. 2009) (unpublished). "The FMLA regulations clarify an employee's rights and responsibilities under the Act, including an allowance for employers to run paid leave programs concurrent with unpaid FMLA leave." *Id.* at 393; *see also Hicks v. Leroy's Jewelers, Inc.,* 225 F.3d 659, 2000 WL 1033029, at *5 (6th Cir. 2000) (unpublished) (noting that 29 C.F.R. § 825.207(d) clearly provides that an employee's FMLA leave may run concurrently with paid medical or sick leave).

Any interpretation suggesting that the Legislature intended to group all federal forms of leave, such as FMLA, into leave offered by the school district is baseless. FMLA is not leave provided by the district, either under the Education Code or through any contractual provision. Rather, it is a federal leave entitlement available to eligible employees regardless of their specific employer. As such, FMLA leave is neither

contemplated by section 22.003(b) nor prohibited from running as concurrent leave.

Consequently, the District and Commissioner correctly concluded that section 22.003(b) does not prohibit a district from designating assault leave to run concurrently with FMLA Leave, as the statute does not expressly address those forms of leave. This interpretation aligns with the statutory text and avoids producing an illogical or unintended outcome.

### D.   TDL is not leave "provided by the school district."

Ms. McClelland likewise argues that the school should not have concurrently run her assault leave and TDL. Again, such claims lack merit. The TDL statute, Texas Education Code Section 21.409, in part, states:

(a)   Each full-time educator employed by a school district shall be given a leave of absence for temporary disability at any time the educator's condition interferes with the performance of regular duties. The contract or employment of the educator may not be terminated by the school district while the educator is on a leave of absence for temporary disability…

(b)   A request for a leave of absence for temporary disability must be made to the superintendent of the school district. The request must be accompanied by a physician's statement confirming inability to work and must state the date requested by the educator for the

leave to begin and the probable date of return as certified by the physician.

(c)    The board of trustees of a school district may adopt a policy providing for placing an educator on leave of absence for temporary disability if, in the board's judgment and in consultation with a physician who has performed a thorough medical examination of the educator, the educator's condition interferes with the performance of regular duties. A policy adopted under this subsection must reserve to the educator the right to present to the board testimony or other information relevant to the educator's fitness to continue the performance of regular duties.

(e)    An educator returning to active duty after a leave of absence for temporary disability is entitled to an assignment at the school where the educator formerly taught, subject to the availability of an appropriate teaching position. In any event, the educator must be placed on active duty not later than the beginning of the next term.

(f)    The length of a leave of absence for temporary disability shall be granted by the superintendent as required by the individual educator. The board of trustees of a school district may establish a maximum length for a leave of absence for temporary disability, but the maximum length may not be less than 180 days.

Tex. Educ. Code § 21.409.

The TDL statute does not address whether disability leave must run concurrently or consecutively with other types of leave.

The District's Policy DEC (Local), included in the reporter's record, sets a maximum duration of disability leave for Chapter 21 teachers at 180 days, consistent with the statutory limit. *See* Tex. Educ. Code §

21.409(f); RR vol. 3 at TEA 00106. The policy further provides that "[t]he District shall require the employee to use temporary disability leave and paid leave, including any compensatory time, concurrently with FMLA leave." RR vol. 3 at TEA 000264.

Ms. McClelland now asks the Court to treat statutorily provided TDL as falling within the meaning of 'other leave provided by the school district' under section 22.003(b), even though disability leave is neither referenced nor included in that section's text, which states: "in addition to all other days of leave provided by this section or by the school district." Tex. Educ. Code § 22.003(b).

Once again, Ms. McClelland offers no legal authority, district policy, or indication of legislative intent that would support reading 'other leave provided by the school district' to include all categories of employee leave, including disability leave, which is a distinct and separately governed type of leave. Accordingly, TDL does not fall within the meaning of 'other leave' under section 22.003(b). And, in the absence of any statutory restriction, local policies allowing TDL leave to run concurrently with assault leave remain valid and enforceable.

**E. Ms. McClelland misinterprets the statute by improperly isolating individual words and phrases.**

Throughout her brief, Ms. McClelland presents a tangled mire of grammatical gymnastics. App BR. at 5–11. Ms. McClelland states, "It would seem patent that 'all other days of leave' does *not* and can *never* mean 'only the leave required or authorized by this section,' but that is the construction effectively given by the Commissioner." App. Br. At 5. Tellingly, Ms. McClelland does not present the complete sentence of the statute. Again, words are not read in isolation. *See Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 90 (Tex. 2001). The statute reads: "In addition to *all other days of leave provided by this section or by the school district*, an employee of a school district who is physically assaulted during the performance of the employee's regular duties is entitled to the number of days of leave necessary to recuperate from all physical injuries sustained as a result of the assault." Tex. Educ. Code § 22.003(b) (emphasis added). The phrase conveys a meaning contrary to Ms. McClelland's position.

The statute does not address 'all other days of leave,' such as federally mandated leave, because that is not its purpose. The plain language makes this clear, and if the Legislature had intended to protect

or include federal leave entitlements, it would have done so. Contrary to Ms. McClelland's assertion, the Legislature is fully aware of this distinction. Of course, it is the Legislature that determines public policy through the statutes it enacts. *See Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 655 (Tex. 2008).

The Legislature's intent is also apparent in subsection (d), which states:

> A school district employee with available **personal leave** under this section is entitled to use the leave for compensation during a term of active military service.

Section 22.003(d) (emphasis added).

This section illustrates that the Legislature was fully aware of the benefits and forms of leave authorized under federal law. It would be illogical for the Legislature to specifically reference and provide paid leave in conjunction with federal authorized military leave under what is currently the Uniformed Services Employment and Re-employment Rights Act (USERRA), which otherwise would be unpaid, yet omit comparable leave for other types of federal leave, including the FMLA. If the Legislature had intended such coverage, it would have referenced it in the statute.

The Legislature's deliberate choice in this context reflects both an intent informed by awareness of other federal and state leave laws and a demonstrated capacity for precision in statutory drafting. *See generally TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) ("We presume the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen.").

Likewise, Ms. McClelland's portrayal of the word "all" as a limitless term of inclusion, and her reliance on obscure, inapplicable case law, are without merit. Br. at 5-6. Her argument contradicts the principles of the well-settled doctrine of *ejusdem generis*, a statutory construction aid that says where general words follow a designation of particular subjects in a statute, the meaning of the general words is restricted by the particular designation in that statute.[3] *See Farmers' Mechanics' Nat'l Bank v. Hanks*, 137 S.W. 1120 (Tex. 1911); *Stanford v. Butler*, 181 S.W.2d 269 (Tex. 1944); *Hammond v. City of Dallas*, 712 S.W.2d 496 (Tex. 1986).

---

[3] See generally Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts 199–213 (2012).*

More broadly, using basic principles of grammar, the word "all," followed by a particular subject designator, cannot be broader than the subject it modifies. Thus, "all dogs" does not mean "all everything"; it means "all dogs," not "all cats" or "all platypuses." Yet that is precisely how Ms. McClelland argues the Court should interpret section 22.003(b). Whether the term in question is "all," "provided," or "or," each is not to be understood in its broadest possible sense as it might be if standing alone. Instead, these words take their meaning from the specific context in which they appear and are confined to things of the same kind as those with which they are associated. *Perez v. State*, 11 S.W.3d 218, 221 (Tex. Crim. App. 2000); *see also Ex parte Muckenfuss*, 52 Tex. Crim. 467, 470, 107 S.W. 1131, 1132 (1908) (collecting cases).

Furthermore, McClelland's brief reflects an approach that appears to locate occurrences of the word "provide" across the Administrative and Education Codes without regard for context or usage. App. Br. at 7-10. For example, Ms. McClelland quotes 33.002(c) of the Education Code which uses the word "provide" in the context of counseling services. App. Br. at 9. She likewise spends almost an entire page citing various uses of the word "provide" throughout the Texas Educational Administrative

Code. App. Br. at 9-10. Naturally, the word "provided" can carry different meanings depending on where and how it appears in context and grammar in the sentence.

On a final note, Ms. McClelland argues that "there is no discernible reason why the Legislature would preserve paid leave to be used separately from assault leave but not unpaid leave." App Br. at 12. To the contrary, the reason is both clear and rational under the plain language of the statute. The Legislature preserved paid leave because it is a state-created benefit authorized under Texas Education Code Section 22.003(a) that provides compensation to employees. TDL under section 21.409, while required by state law, is not a paid benefit. It merely protects an employee's position during a period of medical incapacity and allows the use of any accrued paid leave the employee may have. Similarly, the more recent FMLA provides only unpaid, federally authorized leave outside the Legislature's authority to regulate. The Legislature, therefore, had sound reason to preserve only the paid leave it created and controls.

**F. This case solely involves questions of statutory interpretation.**

Ms. McClelland contends that if this Court were to interpret

Section 22.003(b) consistently with the District and Commissioner, such an interpretation would violate the Texas Constitution. App. Br. at 14. However, this case involves statutory construction and not a constitutional challenge to section 22.003. Moreover, Ms. McClelland failed to specifically plead a claim under the Texas Constitution. *See generally Abbott v. Mexican Am. Legislative Caucus, Tex. House of Representatives*, 647 S.W.3d 681, 697 (Tex. 2022); Tex. Gov't Code § 402.010.

While Ms. McClelland appears to believe the Commissioner is unsympathetic to her case, App. Br. at 18–19, his duty is to analyze the law, including section 22.003, as applied to the facts of each appeal brought before him. Ms. McClelland's comments about the Texas education system ignore an important truth: Texas was one of the first states, and remains among the few, to guarantee paid teacher assault leave.[4] Indeed, Texas appears to be the only state to authorize full compensation for up to two years following an on-the-job assault, notwithstanding Ms. McClelland's characterization of Texas's

---

[4] Michael W. Wright, *The Louisiana Teacher Assault Pay Statute: An Analysis of Court Decisions Interpreting the Statute and a Comparative Study of Teacher Assault Pay Statutes in Other States* (ERIC Document Reproduction Serv. No. ED578013, 2017). proquest.com/docview/1941448771

educational system as neglectful or broken. Her assertion that it would be unconstitutional to interpret the statute consistent with the District's Policy DEC (Local) is legally unfounded. App. Br. at 14.

The Texas Supreme Court eloquently observed more than a century ago:

> "Courts must **take statutes as they find them** . . . They are not the law-making body. They are not responsible for **omissions in legislation**. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, **not forced nor strained**, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain."

*Simmons v. Arnim*, 110 Tex. 309, 324, 220 S.W. 66, 70 (1920) (emphasis added).

If Ms. McClelland believes the Legislature did not adequately address assault leave, the cure is through statutory amendment, rather than strained judicial interpretation. *See generally Republic Bank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985).

Because the Commissioner's interpretation is both reasonable and consistent with the statutory plain meaning of the text, the Court should affirm the decision. *See Combs v. Health Care Services Corp.*, 401 S.W.3d 623, 629 (Tex. 2013).

## PRAYER

For the reasons discussed above, Appellee Morath respectfully requests that this Court affirm the Commissioner's decision in all respects.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/ Keegan Howe*
KEEGAN HOWE
State Bar No. 24143028
Keegan.Howe@oag.texas.gov
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 475-4195
**ATTORNEYS FOR APPELLEE MIKE MORATH, COMMISSIONER OF EDUCATION**

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(2)(B), this brief contains 8,479 words, excluding the portions of the brief exempted by Rule 9.4(i)(1).

*/s/ Keegan Howe*
KEEGAN HOWE
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2025, a true and correct copy of the above and foregoing document was served on the following party via electronic service and/or electronic mail:

Richard L. Arnett
State Bar No. 01333300
rarnett@arnettlaw.net
Of Counsel to Brim & Brim, P.C.
5926 Balcones Drive, Suite 220
Austin, Texas 78731
Tel.: (512) 328-0048
Fax: (512) 328-4814

*Counsel for Appellant*

Colby Rideout
State Bar No. 24073106
colby@leasorcrass.com
Ross Mitchell
State Bar No. 24088073
ross@leasorcrass.com
Leasor Crass, P.C.
302 W. Broad Street
Mansfield, Texas 76063
Tel.: (682) 422-0009
Fax: (682) 422-0008

*Counsel for Appellee Weatherford*
*Independent School District*


*/s/ Keegan Howe*
KEEGAN HOWE
Assistant Attorney General

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jeff Lutz on behalf of Keegan Howe
Bar No. 24143028
jeff.lutz@oag.texas.gov
Envelope ID: 107695362
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: 2025 1105 Appellee Morath Brief
Status as of 11/5/2025 1:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeff Lutz | | jeff.lutz@oag.texas.gov | 11/5/2025 12:54:34 PM | SENT |
| Melody Montemayor | | melody@teacher.legal | 11/5/2025 12:54:34 PM | SENT |
| Jefferson K.Brim, III | | jay@teacher.legal | 11/5/2025 12:54:34 PM | SENT |
| Richard Arnett | | rarnett@arnettlaw.net | 11/5/2025 12:54:34 PM | SENT |
| Colby Rideout | | colby@leasorcrass.com | 11/5/2025 12:54:34 PM | SENT |
| Mike Leasor | | mike@leasorcrass.com | 11/5/2025 12:54:34 PM | SENT |
| Laura McClelland | | macsnojo@gmail.com | 11/5/2025 12:54:34 PM | SENT |
| Keegan Howe | | keegan.howe@oag.texas.gov | 11/5/2025 12:54:34 PM | SENT |

Associated Case Party: Mike Morath

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mike Morath | | mike.morath@tea.texas.gov | 11/5/2025 12:54:34 PM | SENT |

Associated Case Party: Weatherford Independent School District

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Victoria Russell | | victoria@leasorcrass.com | 11/5/2025 12:54:34 PM | SENT |